I represent the petitioner, Mr. Nutt, and I would like to reserve two minutes, please. May it please the court and counsel, Felix v. Mayo was a decision issued by this court approximately five or six months ago. Up until a couple days ago, I thought that this case was going to be calling for a fairly straightforward application of Felix v. Mayo, but I just found out from Mr. Felix's attorney this weekend that cert was granted by the U.S. Supreme Court. What's the effect of that? Well, I've been thinking about that. Obviously, Felix v. Mayo is still binding and valid precedent within this circuit, but then the question becomes a practical one of what ought to be done with this case, because the Supreme Court's decision is obviously going to govern that relation back issue as it applies to this case. But how long is that going to take? There certainly are – I mean, this is not an issue that came up until just a couple days ago, so there's no authority that's been cited by the parties concerning how quickly this court has to act in a situation like this, but there certainly are cases which stand for the proposition that this is a habeas case. It must be resolved expeditiously. So I would request the Court to proceed ahead and resolve it. On the basis that Felix is the law of the circuit? That Felix is the law of the circuit and is binding here in this case. And on that basis, what? Pardon me? I said on that basis, what should we do? On that basis, this case should be remanded back down to the district court. The district court should be directed to allow Mr. Nutt's petition to be amended. Well, why? We have to apply some kind of test as to whether or not it was prejudicial error not to permit amendment, right? It's not automatic. Well, there are four claims that Mr. Nutt sought to add while he was in pro per. Those claims clearly need further refinement and development. I think, though, that just looking at the claims that he has presented in his proposed amended petition that he sought to add, I mean, for instance, one of those claims is a First Amendment claim, so that gets us to looking at the facts of this case, what really happened in this case. Here is a man who is talking to a woman who works at a Sacramento area strip club, making a proposal to her that she go to Nevada and work as a prostitute in a brothel in Nevada. Well, but what's the test? All right. We'll say the district court refused to leave to amend, right? Yes. Now, what's the test that we apply to determine whether or not that was one, error, and two, it was prejudicial? Well, looking at, as this Court did in Felix, looking at Federal Rule of Civil Procedure 15, the question is are the claims that he sought to add by way of his proposed amended petition, do they relate to the same transaction occurrence that is challenged in his original petition, his pre-amendment petition, and clearly they do. The claims are just directed at what was defined in Felix v. Mail as the transaction or occurrence in question, i.e., the trial. Doesn't he have to do a little bit more than that? Doesn't he have to also allege in those four claims that he's got some substantial constitutional violations arising out of those claims? Yes. I mean, it would be an exercise in frivolity to simply remand this case if he had proposed to amend with claims that are so off the wall that they have no chance. Well, that's what I'm getting at. That is, in fact, one of the alternative tests, at least, that if amendment would be futile, it's useless to grant leave, right? Yes. However, here in this case, I think it's worth bearing in mind that this man all throughout the course of district court-level 2254 proceedings was in pro per. Counsel was first appointed here in this Court. As I've indicated, the four claims that he sought to add to his seven original claims clearly do need further refinement and- His substance is a gravamen of his claim on the First Amendment that since what he was doing was speaking to the victim and attempting to procure her as a prostitute, that use of words is protected by the First Amendment. Is that the idea? Your Honor, that was his fourth claim that he proposed to add. You don't think that's off the wall? I mean, the general principle being that as long as you commit a crime by speaking, it's not a crime. For instance, a Federal security violation, fraud, buy this stock, it's sure to go up. I will guarantee it to go up. Not a crime because I only spoke, right? Well, what he- But I understand what you're saying, but what he's saying in this case, and I think why it weaves in potentially to a First Amendment claim, he's talking about engaging in activity that's legal in Nevada. Procuring prostitutes in Nevada is legal? I think that you- Is there some law that you're saying that? I know that this county option is to house as a prostitution, but procuring a person to enter a house of prostitution, procuring a prostitute, is legal in Nevada? I'm not familiar with the details and niceties of Nevada law, but, I mean, we've all heard of the Mustang Ranch, and I assume- No, but the question is, even if it were legal in Nevada, I mean, he's performing the act in California. True enough. And so that's, I think, why his First Amendment claim is not just completely laughable. Again, it needs further development and refinement. Well, let me ask you this. We've got a case that they govern it subject to whatever merit there is, and you've got this case going up to the United States Supreme Court. From my experience as a judge, which goes way back, either we've got to hold it or the district court's got to hold it, because we certainly aren't going to second-guess the Supreme Court in that the Felix V. Mayo case is certainly going to bear on this. So where do you think the courts- this court should- should we sit on it, wait for the Supreme Court, or should we send it back to vacate the judgment, or not vacate the judgment, send it back to district court, and say hold it until the Supreme Court acts and then make the decision accordingly? Well, my request would be the latter. I think that would expedite this case for this court to send it back down. But just to share with the court, Mr. David Porter, who's argued a number of cases before this court, is the lawyer in Felix, and I spoke to him yesterday. He told me that oral argument before the Supreme Court in Felix has been calendared for this April. So if that gives this court a sense of how things are moving in that case. You say he wants to add four new claims, right? Four new claims, yes. What are- what's the best- what would you consider the strongest of those four? He has a claim which he doesn't word it as such, but it is a sufficiency-type claim saying that his conduct did not fall within the four corners of the particular penal code. You mean sufficiency to support the conviction? Yes, Your Honor. Is that a matter of state law? Well, I think Jackson v. Virginia, due process, there's a recent Florida v. Wythe, I believe it is, U.S. Supreme Court authority that as a matter of due process, a conviction cannot be sustained absent sufficient evidence. So I think there's a federal question there as well. You have about a minute left. All right, two minutes. Well, let me just very briefly on the- I think that the Blakely slash Apprendi issue in this case resolves down to or boils down to a question of retroactivity, and hopefully Booker and Fan Fan will address that. That's all I'll say on that issue. And in this case, the final issue is the cruel and unusual punishment issue. And as to that issue, because the conduct here about which this man was talking to the victim in this case was really, if you look at it, braggadocio. He was trying to, how to put this delicately, he was trying to have a sexual relationship with this young lady and is talking about how he can set her up with businessmen and politicians in a high-class, if there is high-class, house of prostitution. It didn't sell to the jury. Pardon me? It didn't sell to the jury. That particular defense did not sell to the jury. However, for purposes of cruel and unusual punishment analysis, we have to look at the nature of the conduct. And he's talking about- We have to look at his past conduct, which included forcible oral copulation, rape, and kidnapping. Yes. We'll give you two more minutes anyway. Very well. Thank you, Your Honor. Okay. Good morning, Your Honors. My name is Deputy Attorney General Mark Johnson from the California Attorney General's Office, appearing on behalf of Appelli. Regarding the issue concerning the motion to amend, I would first state, as I pointed out in my brief, that this was not a certified issue on appeal and a certificate of appealability has never issued for that case. In the event that this Court may wish to address that and the Felix v. Male issue, notwithstanding the failure to obtain a certificate of appealability, our office would ask this Court to stay any- Well, I would first say that, given the procedural nature of the claim now, and as I pointed out in my brief, under Nardi v. Stewart, such a claim would entail taking, as the Court stated, a quick look at the claims to be amended to see if there is any reasonable chance of raising a constitutional violation which would hold- There seems to be even a slighter standard than what we do in trial courts under 12b-6. That's correct. But under the circumstances of this case and the new claims raised, I would submit to this Court that, especially given that this case is governed by the ADPA, that none of these claims have any chance whatsoever of unearthing any constitutional violation which might lead to a misrelief. Well, it seems to me, as I look at these four claims, the strongest one to me is the sufficiency claim, right? I don't see a sufficiency claim. Because it is a constitutional right to have sufficient evidence, right, under, as Mr. Haltham says, under Jackson v. Virginia, right? That's correct, but I don't see a sufficiency claim. If Your Honor is referring to- In theory, at least, it's a good claim. Is this the claim that the statute was invalid? Because I'm not sure which claim can be construed as alleging insufficient evidence. Is it the one that the statute is invalid in this case because he proposed prostitution in Nevada and not California? Or that he was – I don't see any claim here that alleges a constitutional violation with the exception of the First Amendment claim, which is ludicrous. The rest of them basically boil down to questions of State law, which are not Federal issues. With that said, in the event that this Court even wishes to address it, we would ask that any resolution of it be stayed pending the outcome of Felix v. Mayo. And if there's no further questioning on that matter- Let me ask you this. If either if we go ahead now on the basis that Felix v. Mayo is the law of the circuit, or if we wait for the Supreme Court to decide that case, and for some strange reason the Supreme Court affirms the Ninth Circuit, would you want a chance to brief the issue before we decide it? Oh, yes, Your Honor. Because, as you say, there's no COA issued yet on it? Yes, Your Honor. As I see this, there's a number of hurdles that need to be overcome before this claim is first considered. The first is the Nardi v. Stewart analysis, the quick look, which I discussed for even considering the non-certified claim. Secondly, to see if Felix v. Mayo is going to stand. And third, that would allow me an opportunity to brief this. And I would be happy to discuss Felix v. Mayo right now. I've got some strong reasons why I believe that case was wrongly decided. Although, under the circumstances, I don't understand, you know. I'd ask your opponent, if we, you know, we could decide the matter, take a quick look and say, there's nothing to any of his claims, and so Felix doesn't apply. But if we would say, well, we want to wait for the Supreme Court, where should we wait? Here? Keep the case here in this court? Or send it back to the district court and say, give it further consideration when Felix's case is decided? Judge Bright, what I would suggest is that you keep it in this court. And the procedure would be similar, I imagine, to the one that was done with the three strikes case in the interim between the Andrade decision and the time that the Andrade decision was ultimately handed down by the United States Supreme Court. Those cases were held pending the outcome of Andrade. By the district court? No, by the Ninth Circuit, Your Honor. By the Ninth Circuit. Yes. I personally had several cases that were in that disposition. What is the circuit doing, I should have you probably know, on the sentencing guidelines situation? Of course, you're not a federal prosecutor, so you're probably not too familiar with that. Nor do I understand the question, Your Honor. The validity of the federal sentencing guidelines are now before the Supreme Court. Yes. It came out on a different case, but that's really an issue. Yes, and one that I'm not familiar with. Okay. Don't answer it. Yes. But so far as I do believe that the sentencing issues in this case have been thoroughly hashed out. I'd be willing to address any questions that you may have regarding any of the other claims. The counsel briefly mentioned the Apprendi claim. The claim, as I understand it, the claim that he's presently trying to bring now has never been presented to the California courts, and so it's unexhausted. As I understand the claim that he's ---- You're talking about the Apprendi claim? Yes, Your Honor. The claim brought before the district court was that the judge violated Apprendi by not having a jury consider whether discretion should be exercised to reduce the sentence otherwise mandated by California law under the three strikes law pursuant to the Romero case, if that makes sense to you. That was an awfully long sentence. And that was the only claim in the district court. The one raised now, and I think this is the one that counsel is trying to argue, is that the consecutive sentencing imposed in this case, which is also mandated by the three strikes law, somehow violates Apprendi. And that case was never presented to the California courts. It's also meritless. But us at the Attorney General's Office are very jealous of our exhaustion, of the exhaustion requirements for federal habeas. If I could take you back just for a moment to the COA issue on the amended petition, the second amended petition. You will agree that uncertified issues raised and designated by the brief may be considered as a motion to expand the COA. Yes, Your Honor. And I pointed that out in the brief. And if the court chooses to regard the claims as such, that's when the Nardi v. Stewart reasoning would come into effect. And obviously if the court does not wish to grant discretionary review to consider that claim, then that ends the matter. If all we are required to do, if all we are allowed to do, is to take a quick look at the claims, something I guess less than a 12B6 motion quick look, isn't it enough simply to mouth some constitutional rights in the claims in order to fulfill that requirement? No, Your Honor, because that quick look would still entail knowledge that this is an AEDPA case and that it would somehow have to transgress clearly established United States Supreme Court precedent or even state a federal issue. Well, there is a statutory standard for the granting of a COA, right? I mean, the statute says, you know, you've got to show a substantial sum. Yes. Yes, Your Honor. And I don't believe that any of these new claims, these aren't the new claims, mind you. I understand that the claim involves the denial of the motion to amend. But to look through them to these new claims, I don't believe any of them would even arguably ever warrant a COA. In fact, I believe just even a quick look at them shows them all to be, to put it most kindly, meritless. If there's any further, I'd be willing to address any of the claims if you wish to be. Okay. Thank you, Your Honors. Counsel, let me take you just briefly through the four claims and see if I understand them. The first is that the statute under which he was convicted, pandering, does not prescribe his conduct, and thus his rights under the Sixth Amendment due process law were violated. It's a pro per, so he probably meant the Fifth, the Fourteenth, right? His conduct was not prescribed. Pandering is not prescribed. That's the title. Well, I think what Your Honor is focusing on is the title that's in the excerpts of record at page 197. Granted, it's inartfully worded, but if you then take a quick look through the text, I mean, what he's essentially trying to convey is the argument that, okay, look at the text of the statute. My conduct did not satisfy the elements of that statute. That's why I characterized it as a sufficiency argument, even though he did not style it as such. Well, but his conduct, the jury found that he tried to talk the cocktail waitress into becoming a prostitute. Correct, Your Honor. And that under 266I, subsection 2, is a violation, isn't it? Well, it's – I mean, here in this case, there was no unanimity instruction. This is a statute that's worded disjunctively. It can be violated in a number of ways. Arguably, the jury could have found that he violated this statute by simply suggesting to her, hey, you can go to Nevada and become a prostitute. The words of the statute say encouraging one to become a prostitute. So is that what the jury found in this case? I think that with the lack of a unanimity instruction, there is a basis for a reasonable What do you mean by unanimity instruction? The trial court did not give the jury in this case a specific unanimity instruction. In other words, this is a statute which can be violated in a number of different ways by any one of several different types of acts. Oh, it can be violated in a disjunctive. Correct. And the court did not advise the jurors that you have to unanimously agree on a theory, under which he violated that statute. But he didn't ask for one. He didn't ask for one. That's correct. And I don't think the claim is very strong. There's a constitutional right to a unanimity instruction in that situation? It bears on the right to have your not be convicted unless there's proof beyond a reasonable doubt. So there's a Winship-based claim. And so that weaves in with his ineffective assistance of counsel claim, which is in his petition. Again, these claims are not artfully put together. But I think the first, the gist of the first three claims is a due process, lack of sufficiency of the evidence claim, his first three claims. And then the fourth one is the first one. First amendment. Okay.  This matter will stand submitted. Thank you, gentlemen. Are we in adjournment? We're now in adjournment. I don't want to leave. I don't want to be held in contempt. See, I've got to get used to doing this. The support of this session now stands adjourned. Thank you. Thank you.
judges: Bright , Tashima, Bea